

United States Bankruptcy Court
District of Alaska
605 West Fourth Avenue, Suite 138
Anchorage, Alaska 99501-2296
Phone: (907) 271-2655
Toll Free: (800) 859-8059
http://www.akb.uscourts.gov



## TRANSMITTAL OF WITHDRAWAL OF REFERENCE

TO: United States District Court, District of Alaska
222 West 7th Avenue, Room 229
Anchorage, Alaska 99513

Filed On
12/6/05

FROM: Bankruptcy Court for the District of ALASKA
District/Office No. 097X/3

We are transmitting with this cover a Motion to Withdraw the Reference, which has been filed by the Bankruptcy Court in the below identified adversary proceeding, together with the Bankruptcy Court's Report and Recommendation (recommending withdrawal of the reference). Copies of relevant pleadings from the adversary case file and a docket are included with this transmission. The pertinent information regarding this matter is:

| CASE NAME: | BRUCE ALLEN ROMINE and LINDA LOU ROMINE, Plaintiffs, v. GMAC MORTGAGE CORP., d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN SOLUTIONS, INC., Defendants. |
|---|---|
| Adversary No.: | A05-90024-DMD |
| Date Motion to Withdraw Reference Filed: | November 3, 2005 |
| Date Report & Recommendation Filed: | November 18, 2005 |
| Date of Transmittal to USDC: | December 2, 2005 |
| Other: | No other pending motions in this proceeding. Discovery cut-off and dispositive motion deadline have not yet been set. |

Dated: December 6, 2005

Wayne W. Wolfe, Clerk

By: /s/ Janet Stafford
Deputy Clerk

Serve: U. S. District Court, D. Alaska
U. S. Trustee (w/out attachments)
✓Daniel Bruce, Esq. (for plaintiffs) (w/out attachments)
✓Joan Travostino, Esq. (for GMAC) (w/out attachments)
✓William Earnhart, Esq. (for Far West) (w/out attachments)
Michael Parise, Esq. (for Trans Union) (w/out attachments)
✓Kenneth Odza, Esq. (for Experian) (w/out attachments)
12/6/05

---

DISTRICT COURT CASE # A05-0285 CV   JUDGE ASSIGNED: Judge Singleton
DATE FILED: 12-6-05   By: Sharon M. Luhrer
Deputy Clerk, U.S. District Court

```
A05-0285---CV (JKS)              W. EARNHART (LANE)  12/12/05 pmg
-------------------------------  K. ODZA
M. PARISE (BIRCH)                U.S. TRUSTEE'S OFFICE
J. TRAVOSTINO (PRESTON)
D. BRUCE
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A01-00785-DMD<br><br>BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Debtors. | Chapter 7 |
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Adversary No. A05-90024-DMD<br><br>Filed On<br>11/18/05 |

**REPORT AND RECOMMENDATION REGARDING THE COURT'S
MOTION TO WITHDRAW THE REFERENCE**

To:   The United States District Court for the District of Alaska

Introduction

       The Bankruptcy Court has filed a motion to withdraw the reference of this action to the United States District Court for the District of Alaska. Withdrawal of the reference is requested because this matter contains both core and non-core claims and not all parties consent to the jurisdiction of the bankruptcy court to enter a final judgment. Additionally, the plaintiff has demanded, and is entitled to, a jury trial and the defendants do not consent to a jury trial before the bankruptcy court.

No opposition to the court's motion to withdraw the reference has been filed. The Bankruptcy Court submits the following report to the United States District Court and recommends that its motion be granted.

Case Background

Debtors Bruce and Linda Romine obtained a chapter 7 discharge in November of 2001. They initiated this adversary proceeding on July 13, 2005. Their complaint seeks damages for the defendants' purported violations of the discharge injunction, 11 U.S.C. § 524, the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and for the common law tort of defamation.

The Romines made a timely jury demand. This court requested briefs on the issue of whether they were entitled to a jury trial and thereafter concluded that the plaintiffs did have this right, at the very least with respect to their counts relating to violations of the Fair Credit Reporting Act. Defendants Trans Union and GMAC Mortgage do not consent to a jury trial in the bankruptcy court.

Analysis

This adversary proceeding includes both core and non-core claims. Core proceedings are defined in 28 U.S.C. § 157(b)(2) and "include matters affecting the administration of the estate, determinations as to the dischargeability of particular debts, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship."[1] The bankruptcy court can enter final judgments in core

---

[1] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

proceedings.[2] Non-core proceedings are ones which do not depend on the Bankruptcy Code for their existence and could proceed in a forum other than the bankruptcy court.[3] A bankruptcy court can hear non-core proceedings, but can only enter a final judgment therein if all parties to the proceeding so consent.[4] Additionally, the bankruptcy court can conduct a jury trial in non-core proceedings only with the express consent of all parties.[5]

In this proceeding, the Romines' counts relating to violation of the discharge injunction found in 11 U.S.C. § 524 are core proceedings. The other counts of the Romines' adversary complaint, however, which allege violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and the common law tort of defamation, are non-core proceedings. The Romines are entitled to a jury trial as to at least some of their non-core counts. However, the defendants do not consent to trial of the non-core counts by the bankruptcy court.

Recommendation and Conclusion

This proceeding contains both core and non-core matters, and the plaintiff is entitled to a jury trial with respect to at least some of their non-core claims. The defendants do not consent to the jurisdiction of the bankruptcy court for trial of the non-core claims. The bankruptcy court therefore respectfully recommends that its motion to withdraw the

---

[2] 28 U.S.C. § 157(b)(1).

[3] *Dunmore*, 358 F.3d at 1114.

[4] 28 U.S.C. § 157(c). This subsection also requires the district court to refer the non-core proceeding to the bankruptcy court for adjudication. The United States District Court for the District of Alaska has entered an order of reference which permits this court to determine non-core proceedings.

[5] 28 U.S.C. § 157(e).

reference be granted, so that this matter can be tried by the District Court in accordance with 28 U.S.C. § 157(c).

DATED: November 17, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   D. Bruce, Esq.
J. Travostino, Esq.
W. Earnhardt, Esq.
M. Parise, Esq.
K. Odza, Esq.
P. Gingras, Adv. Case Mgr.
C. Rapp, Appeals/Reference Tracking
W. Wolfe, Clerk of the Bankruptcy Court

11/18/05

4

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A01-00785-DMD<br><br>BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Debtors. | Chapter 7 |
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Adversary No. A05-90024-DMD<br><br>Filed On<br>11/3/05 |

### *SUA SPONTE* MOTION TO WITHDRAW THE REFERENCE

The bankruptcy court, on its own motion, hereby moves to withdraw the reference of this adversary proceeding. The grounds for withdrawal of the reference, more fully described in the memorandum filed simultaneously herewith, are that the plaintiff is entitled to a jury trial in this matter, but the defendants do not consent to a jury trial before the bankruptcy court. Any party objecting to withdrawal of the reference shall file objections with the bankruptcy court on or before **NOVEMBER 14, 2005.**

DATED: November 3, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:    D. Bruce, Esq.
             J. Travostino, Esq.
             W. Earnhardt, Esq.
             M. Parise, Esq.
             K. Odza, Esq.
             P. Gingras, Adv. Case Mgr.
             C. Rapp, Appeals/Reference Tracking

             11/03/05

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A01-00785-DMD<br><br>BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>   Debtors. | Chapter 7 |
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE,<br><br>   Plaintiffs,<br><br>v.<br><br>GMAC MORTGAGE CORPORATION, d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Adversary No. A05-90024-DMD<br><br>Filed On<br>11/3/05 |

### MEMORANDUM IN SUPPORT OF MOTION
### TO WITHDRAW THE REFERENCE

  Debtors Bruce and Linda Romine obtained a chapter 7 discharge in November of 2001. They initiated this adversary proceeding on July 13, 2005. Their complaint seeks damages for the defendants' purported violations of the discharge injunction, 11 U.S.C. § 524, the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and for the common law tort of defamation.

  The Romines have made a timely jury demand. The court requested briefs on the issue of whether they were entitled to a jury trial. I agree with the Romines that they do have a right to a jury trial, at the very least with respect to their counts relating to violations

of the Fair Credit Reporting Act. While defendant Trans Union concedes that the plaintiffs have a right to a jury trial, neither Trans Union nor GMAC Mortgage consent to a jury trial in the bankruptcy court.

This adversary proceeding includes both core and non-core claims. Core proceedings are defined in 28 U.S.C. § 157(b)(2) and "include matters affecting the administration of the estate, determinations as to the dischargeability of particular debts, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship."[1] The bankruptcy court can enter final judgments in core proceedings.[2] Non-core proceedings are ones which do not depend on the Bankruptcy Code for their existence and could proceed in a forum other than the bankruptcy court.[3] A bankruptcy court can hear non-core proceedings, but can only enter a final judgment therein if all parties to the proceeding so consent.[4] Additionally, the bankruptcy court can conduct a jury trial in non-core proceedings only with the express consent of all parties.[5]

In this proceeding, the Romines' counts relating to violation of the discharge injunction found in 11 U.S.C. § 524 are core proceedings. The other counts of the Romines'

---

[1] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[2] 28 U.S.C. § 157(b)(1).

[3] *Dunmore*, 358 F.3d at 1114.

[4] 28 U.S.C. § 157(c). This subsection also requires the district court to refer the non-core proceeding to the bankruptcy court for adjudication. The United States District Court for the District of Alaska has entered an order of reference which permits this court to determine non-core proceedings.

[5] 28 U.S.C. § 157(e).

2

adversary complaint, however, which allege violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*), the Federal Fair Credit Billing Act (15 U.S.C. § 1666), and the common law tort of defamation, are non-core proceedings. Because the defendants do not consent to trial of the non-core counts by the bankruptcy court, the bankruptcy court moves for withdrawal of the reference so that this matter can be tried by the District Court, in accordance with 28 U.S.C. § 157(c).

DATED: November 3, 2005

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:   D. Bruce, Esq.
J. Travostino, Esq.
W. Earnhardt, Esq.
M. Parise, Esq.
K. Odza, Esq.
P. Gingras, Adv. Case Mgr.
C. Rapp, Appeals/Reference Tracking

11/03/05