Daniel G. Bruce, Esq.
BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819
Juneau, Alaska 99803
(907) 789-3166 - phone
(907) 789-1913 – fax
dbruce@baxterbrucelaw.com
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRUCE ALLEN ROMINE and LINDA LOU ROMINE, <br><br> Plaintiffs, <br><br> v. <br><br> GMAC MORTGAGE CORPORATION d/b/a ditech.com, FAR WEST CREDIT SERVICES, TRANS UNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | SECOND JOINT STATUS REPORT <br><br><br><br> A05-0285 CV (TMB) |

Pursuant to the court's order of May 9, 2006, the parties file this joint status report.

A.  Nature of the Case.

1. The lead attorneys in this case are Daniel G. Bruce and Jennifer M. Coughlin, whose complete contact information is included with their signatures.

2. This case was brought pursuant to 11 U.S.C. §524, 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and 15 U.S.C. §1666 (Federal Fair Credit Billing Act). This action arose out of a complaint filed in the U.S. Bankruptcy Court for the District of Alaska, but the reference was withdrawn and the case was sent

Romine v. GMAC, et al., A05-0285 CV (TMB), Second Joint Status Report    Page 1 of 4

to this court by the Honorable Donald MacDonald IV because the defendants refused to consent to a jury trial in the Bankruptcy Court.

3. All named defendants have settled with the plaintiffs and been dismissed from this case except for GMAC Mortgage Corporation d/b/a ditech.com (GMAC).

Plaintiffs' claim against GMAC is that GMAC published false representations regarding the plaintiffs' loan balance and late payments to various credit report agencies, thus hindering plaintiff's ability to obtain refinancing on their home. Plaintiffs further assert that this false reporting was willful, as GMAC was aware of the plaintiffs' bankruptcy and had received written notice that their actions were in violation of the permanent stay, but the false reporting continued. It is asserted that on more than one occasion, but as recently as May 2005, GMAC violated the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. by publishing a loan balance due and a derogatory payment history for a debt that had been completely discharged in bankruptcy. Plaintiffs assert that they suffered damage by loss of credit, the loss of the ability to obtain refinancing on their home, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denial because of GMAC's actions. The plaintiffs further contend that GMAC violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666 ("FCBA") by its refusal and failure to respond to plaintiffs' dispute letter mailed by their attorney within sixty (60) days of receipt of GMAC's September 21, 2004 statement. Defendant GMAC has denied liability and has asserted affirmative defenses, but has not asserted counterclaims.

4. All parties have been served.

5. The principal legal issues are whether the alleged actions of GMAC constitute a willful and knowing violation of the permanent injunction prohibiting collection efforts on a discharged liability; and, whether those same alleged actions of GMAC constitute a willful and knowing violation of Fair Credit Reporting Act, 15 U.S.C. §1681 et seq and Federal Fair Credit Billing Act, 15 U.S.C. §1666, and if liability is found, whether any damages can be proven.

6. The principal factual issues are:

          a.    The exact nature and amount of plaintiff's damages (if any).

B.    <u>Discovery</u>.

    1.    <u>Completed discovery</u>.  Plaintiffs have provided to GMAC copies of documents they have requested to evaluate plaintiffs' claims for purposes of settlement.  Neither party has completed initial disclosures, which are being delayed until after the upcoming settlement conference.

    <u>Remaining discovery</u>.  If the case continues, the parties will likely want to take the depositions of the plaintiffs, a representative of GMAC, representatives of any financing institution that plaintiffs allege would have given them lower rates in the absence of GMAC's actions, and experts regarding damages.

    2.    There are no pending or anticipated motions at this time.

    3.    The only substantive ruling issued in this case so far was issued by Judge MacDonald in the Bankruptcy Court, withdrawing the reference to the Bankruptcy Court for this case.

    4.    A joint status report was filed by the parties on April 21, 2006, informing the court of the fact that the parties are engaged in substantive settlement negotiations.

C.    <u>Trial</u>.  The parties believe this case can be settled prior to trial.  A jury is requested.  If the case were to go to trial, the parties believe the trial would take 3 days.

D.    <u>Settlement</u>.  The parties have engaged the services of The Honorable Herbert A. Ross, Bankruptcy Court Judge, to act as mediator in this case.  The mediation is scheduled for May 26, 2006 at 10:00 a.m. in Anchorage, at the Bankruptcy Court.

DATED this 23rd day of May 2006.

                BAXTER BRUCE & SULLIVAN P.C.

                By /s/ Daniel G. Bruce
                    ABA No. 8306022
                    P.O. Box 32819
                    Juneau, Alaska 99803
                    Phone: (907) 789-3166

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

Fax: (907) 789-1913
E-mail: dbruce@baxterbrucelaw.com
Attorney for Bruce & Linda Romine

PRESTON GATES & ELLIS, LLP


By /s/ Jennifer M. Coughlin (w/ consent)
  ABA No. 9306015
  P.O. Box 196612
  Anchorage, AK 99501
  Phone: (907) 276-1969
  Fax: (907) 276-1365
  E-mail: coughlin@prestongates.com
  Attorney for GMAC Mortgage Corp.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913